UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CANDY S. LAY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-223

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 14. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Widow's Insurance Benefits ("WIB").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for WIB alleging an onset date of September 7, 2012. PageID 65, 329-35. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*,

---

[1] Widow's Insurance Benefits are evaluated using the same criteria as Disability Insurance Benefits. *Freeman v. Comm'r of Soc. Sec.*, No. 1:12-CV-02284, 2013 U.S. Dist. LEXIS 96218, at *2-3 (N.D. Ohio July 10, 2013).
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative joint disease of the right shoulder, degenerative disc disease, migraines, anemia, depression, and anxiety. PageID 68.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on October 24, 2016. PageID 84-109. The ALJ issued a decision on January 4, 2017 finding Plaintiff not disabled. PageID 65-77. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 70-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 65-77), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly weighing the opinion from treating physician Harry Fronista, M.D. Doc. 9 at PageID 889-92.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the

regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c)

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Dr. Fronista began treating Plaintiff in 1985. PageID 411. On February 16, 2016, after more than 30 years of medical treatment, Dr. Fronista completed an opinion regarding Plaintiff's ability to work. PageID 411-17. Dr. Fronista opined that Plaintiff can lift no more than two pounds

frequently; stand and walk up to one hour; sit up to one-half hour; never climb, crouch, stoop, kneel, or crawl; balance only occasionally; has trouble handling, feeling, and pushing/pulling; is unable to be prompt and regular in work attendance; is unable to withstand the pressure of meeting normal standards of work productivity; unable to demonstrate reliability; unable to complete a normal work day and work week without interruption or perform at a consistent pace without unreasonable numbers and length of rest periods; and is likely to be absent more than three times a month. *Id.* Dr. Fronista further opined that Plaintiff has been unable to work since 2008[4] because of a combination of chronic anxiety, depression, fibromyalgia, spinal stenosis, allergies, and a shoulder impairment. *Id.* After declining to assign Dr. Fronista's opinion controlling or deferential weight "because [it] is not fully supported by the record," the ALJ assigned his opinion "little weight." PageID 74.

There are multiple problems with the ALJ's reasons for rejecting Dr. Fronista's opinion. They begin with an error of law in the ALJ's finding that Dr. Fronista's opinion is not "fully supported by the record." PageID 74. This finding reveals that the ALJ reviewed Dr. Fronista's opinion under a higher legal standard than the standard mandated by Social Security regulations. "For a medical opinion to be well-supported by medically acceptable clinical and laboratory diagnostic techniques, it is not necessary that the opinion be fully supported by such evidence." S.S.R. 96-2p, 1996 WL 374188, at *2. The ALJ improperly declined to place controlling weight on Dr. Fronista's opinion wrongly believing that it was not fully supported by the record. *Id.*; *see* 20 C.F.R. § 404.1527(c)(2).

---

[4] In declining to assign controlling or deferential weight to Dr. Fronista's opinion, the ALJ notes that his opinion was written approximately one year after Plaintiff's date last insured ("DLI"). PageID 74. However, Dr. Fronista specifically addressed that Plaintiff had been unable to work due to a combination of mental and physical impairments since 2008, *i.e.*, long before Plaintiff's September 7, 2012 DLI. PageID 412-13. Accordingly, this reason -- for declining to assign controlling or deferential weight to Dr. Fronista's opinion -- is error.

Additionally, to the extent the ALJ discounted Dr. Fronista's opinion under the "supportability" factor, this, too, was error. Neither the supportability factor nor any other regulatory factor permitted the ALJ to reject Dr. Fronista's opinion by characterizing it as "not fully supported by the record." Instead, the regulations speak in relative -- not absolute -- terms. *Cf. Finch v. Berryhill*, No. 3:16-cv-00241, 2017 U.S. Dist. LEXIS 154838, at *12 (S.D. Ohio Sept. 22, 2017). The supportability factor, for instance, provides, "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3).

Based upon all of the foregoing, the undersigned concludes that the ALJ's non-disability finding is unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, factual issues remain, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner

under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

  **IT IS SO ORDERED.**

Date:  June 14, 2018            s/ Michael J. Newman
                       Michael J. Newman
                       United States Magistrate Judge