UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CANDY LAY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-223

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**ORDER AND ENTRY: (1) GRANTING THE PARTIES' JOINT MOTION TO AMEND (DOC. 19); (2) AMENDING THE COURT'S DECISION AND ENTRY (DOC. 15) AND JUDGMENT ENTRY (DOC. 16); (3) REVERSING AND REMANDING THE ALJ'S NON-DISABILITY FINDINGS UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(G) FOR FURTHE PROCEEDINGS; AND (4) ORDERING THAT THE CASE REMAIN TERMINATED ON THE COURT'S DOCKET**
_____

This civil consent case is before the Court on the parties' joint motion to amend the Decision and Entry issued by the undersigned on June 14, 2018. Doc. 15. In that Decision and Entry, the undersigned reversed the ALJ's non-disability finding and remanded Plaintiff's claim to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings. At the time the decision was entered, the Administrative Record filed by the Commissioner (doc. 7) included only ALJ Mark Hockensmith's opinion denying Plaintiff's application for Widow's Insurance Benefits ("WIB"), despite the fact that Plaintiff's complaint also alleged error in the ALJ's opinion denying her application for Disability Insurance Benefits ("DIB").

Plaintiff and the Commissioner now jointly move to amend the Decision and Entry, as well as the judgment entry, (1) to reflect that the rationale set forth by the undersigned in reversing the ALJ's opinion regarding Plaintiff's WIB application applies equally to the ALJ's denial of her

DIB application; and (2) to reverse the ALJ's non-disability finding regarding the DIB application as well and to remand both the WIB and DIB applications for further proceedings.

Relief from a judgment or an order may be granted under Federal Rule of Civil Procedure 60(b)(1) when there is "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999)). In evaluating whether relief under Rule 60(b)(1) is appropriate, courts consider the following factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).

Here, the Commissioner mistakenly omitted the ALJ's DIB decision from the Administrative Record, thereby depriving the undersigned of the opportunity to review such decision as appealed by Plaintiff. It appearing that the Commissioner's mistake will prejudice Plaintiff if not corrected, and finding that Plaintiff presented a meritorious appeal from the ALJ's DIB finding, the undersisgned **ORDERS** that: (1) the joint motion to amend is **GRANTED**; (2) the Court's June 14, 2018 Decision, incorporated by reference herein, is **AMENDED** to apply to Plaintiff's DIB claim; (3) the Commissioner's non-disability findings, with regard to both Plaintiff's WIB and DIB applications, is **REVERSED** and **REMANDED** under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (4) this case shall remain **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

Date: May 6, 2019             s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge